Bloodworth, J.
The accused was convicted of having in her possession intoxicating liquor. The only ground of the amendment to the motion for a new trial alleges that the court erred in allowing witness Williams to testify that he “found a broken jug and moonshine whisky spilled on the floor,” the objection thereto being that “ the testimony of the witness showed that the *53 evidence objected to was procured illegally and in violation of ” paragraphs 6 and 16 of article 1, section 1 of the constitution of the State of Georgia (Civil Code of 1910, §§ 6362, 6372). Even if the admission of this evidence was error, it should not result in the grant of a new trial, as without any objection this same witness was allowed to testify: “ After I entered the room I saw her break one quart jar of moonshine whisky; . . it looked like whisky, smelled like whisky, and was moonshine whisky. She was the only one in this room.” Other witnesses who were present testified as follows: (Doss) “ I later went in the front room, and. there was moonshine whisky running on the floor and several broken glass jars there. The liquid on the floor was moonshine whisky.” (Stevens) “When I got into the house there were several glass jars broken on the floor, and the moonshine whisky was running on the floor. . . Didn’t taste any of that liquid on the floor. I examined it and smelled it. It looked like moonshine whisky, smelled like moonshine whisky, and was moonshine whisky.” (Milton) “When I got into the front room there was nobody in there except Mr. Zack Williams and the defendant, and there were several glass jars broken on the floor and whisky running over the floor.” Eliminating the evidence of which complaint is made, the remaining evidence is ample to support the verdict, and no error was committed when the motion for a new trial was overruled.

Judgment affirmed.

Broyles, G. J;, and Lulce, J., concur.